UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| INDEPENDENT AG SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BANE-WELKER EQUIPMENT, LLC, <br><br> Defendant. | Case No. 3:24-cv-00318 <br><br> District Judge Thomas M. Rose <br> Magistrate Judge Caroline H. Gentry |

# REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge to consider whether the Court has subject-matter jurisdiction over this removed action. *See* Fed. R. Civ. P. 12(h)(3). This Court previously entered an Order to Show Cause as to why this case should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 12.) After reviewing the Response (Doc. No. 18), the undersigned Magistrate Judge concludes that Defendant Bane-Welker Equipment, LLC has not met its burden of establishing that the amount-in-controversy requirement is met. The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Court of Common Pleas of Darke County, Ohio.

I.     **BACKGROUND**

Plaintiff Independent AG Solutions, LLC originally filed its Complaint in the Darke County Court of Common Pleas, alleging that Defendant failed to perform certain maintenance and repair on a sprayer. (Complaint, Doc. No. 4.) Plaintiff asserts a state-law claim for breach of contract and alleges that it has sustained "direct and consequential

damages in an amount, yet to be determined at trial but believed to be in excess of Twenty-Five Thousand Dollars ($25,000.00)." (*Id.* at PageID 22-24.) Plaintiff also seeks pre-judgment and post-judgment interest, costs, and "[a]ny and all other relief, at law or equity." (*Id.* at PageID 24.)

Defendant removed the lawsuit to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. (*Id.* at PageID 2.) In support of this assertion, Defendant states: "Independent AG's Complaint disputes whether Bane-Welker has performed repair work pursuant to the parties' contract that is valued at $66,709.44, exclusive of interest and court costs. Independent AG also alleges that it has been independently damaged by Bane-Welker's alleged breach of contract in an amount exceeding $25,000." (*Id.*)

Upon review of Plaintiff's Complaint and the Notice of Removal, the undersigned concluded that Defendant did not plausibly allege that the amount in controversy exceeds $75,000. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 12.)

## II.    LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal), then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.).

Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined as of the date the complaint is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

When the plaintiff specifies an amount of damages in the complaint and has a good-faith basis for doing so, the removing defendant can generally rely on that monetary demand to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

If the plaintiff does not specify an amount of damages in excess of $75,000 in the complaint, then the defendant's notice of removal must include a plausible allegation that the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This happens regularly in this Court because the Ohio Rules of Civil Procedure bar most plaintiffs from specifying an amount of damages in excess of $25,000. *See* Ohio R. Civ. P. 8(A)(2).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy, then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)). *Accord Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (holding that the party invoking a federal court's subject-matter jurisdiction bears "the burden of demonstrating **by competent proof** that the complete-diversity and amount-in-controversy requirements are met") (emphasis added).

The Court may rely on "reasonable inferences and deductions" when determining whether the amount-in-controversy requirement has been met. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020). Notably, the Court is not "bound by the plaintiff's representations regarding" his or her estimate of the amount in controversy. *Id.*; *accord Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly

4

erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal").

### III. ANALYSIS

Defendant contends that the amount-in-controversy requirement is met because the parties' contract is valued at $66,709.44 and "Plaintiff *effectively seeks the functional equivalent* of a declaratory judgment that it is not liable to pay [Defendant] for the work it has performed." (Response, Doc. No. 18 at PageID 96-97 (citations omitted, emphasis added).) When combined with Plaintiff's demand for $25,000 or more in costs incurred because of Defendant's alleged breach of the contract, Defendant argues that the total amount in controversy exceeds $75,000. (*Id.* at PageID 97-98.) Finding that this argument is not well-taken, the undersigned recommends that this matter be remanded to state court for lack of subject-matter jurisdiction.

Defendant argues that "the parties' pre-suit letters and the timing of the Plaintiff's lawsuit" show that "the parties' dispute includes Plaintiff's liability to pay [Defendant] for the services performed." (*Id.* at PageID 96.) Defendant submitted a September 2024 letter in which Plaintiff asserts that Defendant's repairs were not completed successfully, that Plaintiff was incurring "significant expenses" due to the inoperability of the sprayer, and that Defendant had sent invoices for payment for work that had not been completed. (September 2024 Plaintiff Letter, Doc. No. 18-1 at PageID 101-02.) In its October 2024 response, Defendant stated that it refused to perform any further repair work and would

5

seek legal action if Plaintiff did not pay the outstanding invoices.[1] (October 2024 Defendant Letter, Doc. No. 18-2 at PageID 105-07.)

Based upon this correspondence, Plaintiff could have filed a lawsuit seeking a declaratory judgment that it is not contractually required to pay Defendant. If Plaintiff had done so, then Defendant's argument may have had some merit. But Plaintiff did not take this approach. Instead, the Complaint does not dispute Plaintiff's liability to pay Defendant for the work performed. (Doc. No. 4 at PageID 23-24.) Nor does Plaintiff seek a judgment that it is not obligated to pay Defendant. (*Id.*) Additionally, Plaintiff does not seek to rescind the contract. (*Id.* (*see Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) ("in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy."))

Instead, Plaintiff only seeks judgment for the "direct and consequential damages" that it suffered "[a]s the direct and proximate result of Defendant's breach of contract and failure to perform in a workmanlike manner," and which are "believed to be in excess of [$25,000]."[2] (Complaint, Doc. No. 4 at PageID 23-24.) Specifically, Plaintiff alleges that

---

[1] Defendant filed a post-removal Answer and Counterclaim and seeks damages for breach of contract, unjust enrichment, quantum meruit, and constructive trust. (Answer, Doc. No. 7 at PageID 34-41.) However, when a case is removed from state court based upon diversity jurisdiction, the amount in controversy "should be determined solely by considering the plaintiff's complaint." *See Firestone Fin. Corp. v. Syal*, 327 F. Supp. 2d 809, 811 (N.D. Ohio May 4, 2004) (collecting cases). Defendant's Counterclaim will therefore not be considered when determining the amount in controversy.

[2] Under Rule 8(A)(2) of the Ohio Rules of Civil Procedure, Plaintiff was legally barred from demanding a specific sum greater than $25,000 in the Complaint filed in state court. In such a circumstance, the removing Defendant—as the party seeking to invoke this Court's jurisdiction—bears the burden of showing "by a preponderance of the evidence that the amount in controversy requirement has been met." *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526-27 (6th Cir. 2018) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

it has incurred "significant costs" to "pay for a rental of a working sprayer" because of Defendant's alleged breach of contract and failure to perform its duties in a workmanlike manner. (*Id.* at PageID 22-23.) Defendant has not pointed to any evidence that Plaintiff's claimed damages exceed $75,000. Defendant has therefore not met its burden of showing it is more likely than not that the amount-in-controversy requirement is met.

## IV. CONCLUSION

For these reasons, the undersigned concludes that Defendant has not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then the proper course of action is to remand the matter to state court. *Brierly*, 184 F.3d at 534; *Total Quality Logistics, LLC*, 2020 U.S. Dist. LEXIS 155757, at *8.

Accordingly, the undersigned **RECOMMENDS** that the Court **REMAND** this matter to the Court of Common Pleas of Darke County, Ohio.

**IT IS SO RECOMMENDED.**

    *s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure On Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after

being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).